IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHELET ALCENAT,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 04-1880 (SEC)
(CRIMINAL 02-077 (SEC))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. FACTUAL AND PROCEDURAL BACKGROUND

This matter is before the court on motion of petitioner Michelet Alcenat to vacate sentence or set aside judgment under 28 U.S.C. § 2255. (Docket No. 1, filed August 25, 2004). The United States responded to the original petition on September 21, 2004. (Docket No. 4.) Petitioner then filed a supplemental motion to vacate on October 13, 2004. (Docket No. 6.)

Petitioner was indicted on July 31, 2002 in a three-count superceding indictment. Count one charged him with being an alien previously deported from the United States subsequent to a conviction of an aggravated felony, and being found within the United States without having obtained the express consent from the Attorney General of the United States. Counts two and three charge that on or about February 3, 2002, he defendant falsely represented himself as a United States citizen by presenting a United States passport number 158207528, issued under the

CIVIL 04-1880 (SEC)  2
(CRIMINAL 02-0077 (SEC))

name of Prevail Ydelus, at the time of arrival at the international airport in Carolina, in violation of 18 U.S.C. §§ 911 and 1543. On October 18, 2002, petitioner filed a motion for change of plea. On October 24, 2002, he entered a straight guilty plea to all three counts. The statutory maximum term of imprisonment as to count one is 20 years. The statutory maximum terms of imprisonment for counts 2 (passport fraud) and 3 (impersonating citizen of United States) are 10 and 3 years respectively. There are no minimum terms. Based upon a total offense level of 21, and a criminal history category of IV, on February 27, 2003, petitioner was sentenced to a term of 71 months as to each of counts one and two, and 36 months as to count three, said terms to be served concurrently with each other. The applicable guideline range was 57 to 71 months. A notice of appeal was filed.

On December 19, 2003, the court of appeals affirmed the judgment of conviction in an unpublished decision. The judgment of the appellate court reads as follows:

> "Appellant pled guilty to unlawful entry into this country. He does not deny that prior to his most recent deportation he had been convicted of a firearms offense in Florida. Under United States Sentencing Guidelines § 2L1.2, and application note 1 (B) (v) in the Commentary, there is no question that the sentencing court properly applied the 16-level enhancement to the base offense level for unlawful entry. As the sentencing court noted, because the enhancement was not imposed on account of a prior conviction of an aggravated felony, the definition of that term has no relevance to the instant case. Affirmed."

CIVIL 04-1880 (SEC)                              3
(CRIMINAL 02-0077 (SEC))

(United States v. Alcenat, No. 03-1452 Case Summary (1st Cir. Dec. 19, 2003)).

Petitioner raises two grounds for relief. Ground one alleges that the conviction was imposed in violation of the Sixth Amendment of the United States Constitution in that his attorney was ineffective when she failed to argue that a prior conviction occurred prior to November 29, 1990, and failed to argue about another prior conviction. Petitioner also argues that counsel failed to continue the appellate process after the conviction was affirmed on appeal, and failed to notify the defendant that she was no longer working on the case. The second ground for relief is that the district court illegally used a 1996 prior conviction, improper re-entry, and petitioner's 1987 aggravated assault to enhance the sentencing level to 16, particularly since the defendant was indicted six months before the applicable amendments were enacted.

Petitioner was sentenced using a base offense level of 8 under U.S.S.G. §2L1.2, which provides that offenses involving unlawfully entering or remaining in the United States have such a base offense level. Under Special Offense Characteristics, since the defendant was previously deported after a criminal conviction for firearms offense, the base offense level was increased by 16 points under U.S.S.G. § 2L.12(b)(1)(A). An adjustment for acceptance of responsibility resulted in a reduction of 3 for a total offense level of 21.

CIVIL 04-1880 (SEC)
(CRIMINAL 02-0077 (SEC))
                                                    4

## II.  DISCUSSION

### A. Standard Under Section 2255

Section 2255 provides for post-conviction relief when (1) the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). A cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident. David v. United States, 134 F.3d at 474 (citing Hill v. United States, 368 U.S. at 428). I consider whether the court must conduct an evidentiary hearing to determine if the allegation of ineffective assistance entitles petitioner to have his conviction set aside. The First Circuit has developed a test to determine when the movant is entitled to an evidentiary hearing.

"[A] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently -incredible.'" United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (citing Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)); see Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); United States v.

CIVIL 04-1880 (SEC)                             5
(CRIMINAL 02-0077 (SEC))

DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978); see also Rule 4(b), Rules Governing Section 2255 Proceedings. "[D]efendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief. … This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." United States v. DiCarlo, 575 F.2d at 954 (citing Coon v. United States, 441 F.2d 279, 280 (5th Cir. 1971)).

### B. Ineffective Assistance Standard

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed a "letter-perfect defense or a successful defense.…" Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (citing United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)). "[N]ot every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999). The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668 (1984); see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). Under the Strickland test, petitioner Alcenat has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings

CIVIL 04-1880 (SEC)                                6
(CRIMINAL 02-0077 (SEC))

would have been different.  See Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994); Lema v. United States, 987 F.2d at 51; López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at 687).  There is no doubt that Strickland also applies to representation outside of the trial setting, which would include sentence and appeal.  See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991), abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470 (2000); cf. Panzardi-Álvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992).

In order to satisfy the first-prong of the aforementioned test, petitioner Alcenat "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'"  Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (citing Strickland v. Washington, 466 U.S. at 690).  Petitioner Alcenat must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Smullen v. United States, 94 F.3d at 23 (citing Strickland v. Washington, 466 U.S. at 689).  Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the

CIVIL 04-1880 (SEC)                                7
(CRIMINAL 02-0077 (SEC))

distorting effects of hindsight." <u>Argencourt v. United States</u>, 78 F.3d at 16 (citing, <u>Strickland v. Washington</u>, 466 U.S. at 689); <u>see also</u> <u>Burger v. Kemp</u>, 483 U.S. 776, 789 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" <u>Argencourt v. United States</u>, 78 F.3d at 16 (citing <u>Strickland v. Washington</u>, 466 U.S. at 691). Thus, petitioner Alcenat must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." <u>Knight v. United States</u>, 37 F.3d at 774 (citing <u>Strickland v. Washington</u>, 466 U.S. at 687).

1. Ineffective Assistance at Sentencing

In our circuit an error in the application of the sentencing guidelines needs to constitute "a complete miscarriage of justice" in order for section 2255 relief to be available. <u>See</u> <u>Knight v. United States</u>, 37 F.3d at 774. In other words, collateral attacks to the application of the sentencing guidelines can not be validly brought unless the guidelines' application constitute "a complete miscarriage of justice." The record belies petitioner's argument that he was poorly represented at the sentencing

CIVIL 04-1880 (SEC)                           8
(CRIMINAL 02-0077 (SEC))

stage of the case. Petitioner fails to establish a valid claim for ineffective assistance with respect to the sentencing process.

Petitioner entered a straight plea. He was sentenced to a term of imprisonment of 71 months as to each of counts one and two, and to 36 months in count 3, all concurrent to each other, plus the required monetary assessments. The precise issues he raises in relation to the sentencing enhancement were considered by the appellate court and decided against him. This collateral attack is an unacceptable vehicle to relitigate claims already litigated. Petitioner yet argues that the 1987 conviction was taken into consideration when it is clear from the record that the sentencing judge did not take such conviction into consideration. Indeed, there was little or no choice for the district court to sentence the petitioner in accordance with the requirements of U.S.S.G.§2L1.2(b)(1)(A) since petitioner had already been convicted of a firearms offense, which at the time of sentencing was an aggravated felony. In any event, this issue has already been decided by the court of appeals and decided against petitioner. The date of conviction or convictions of an aggravated felon is completely immaterial for the sentencing court in considering the then compulsory guidelines in reaching a sentence. Whatever the law may be in the ninth circuit, law which is extensively cited by petitioner in his reply to the government's response to his petitioner, such is not the law in the first circuit. And it is clear that an attorney's performance can hardly be deemed deficient merely

CIVIL 04-1880 (SEC)                                              9
(CRIMINAL 02-0077 (SEC))

because he or she declined to raise futile arguments that were destined to lose. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); United States v. Prada-Cordero, 95 F. Supp. 2d 76, 84 (D.P.R. 2000). Petitioner's sentencing non-issue does not reach the level where federal habeas corpus relief is warranted. His attack on the performance of his attorney satisfies neither of the two-prongs of the Strickland test. Therefore, as to this issue, the motion under §2255 lacks merit.

### 2. Ineffective Assistance on Appeal

Furthermore, while petitioner argues that he suffered ineffective assistance of counsel after the judgment of the court of appeals issued, it is clear that consistent with the constitutional right to effective assistance of counsel, petitioner has a right to effective assistance of counsel on appeal but he does not continue to have that right at the stages of discretionary review. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Wainwright v. Torna, 455 U.S. 586, 587 (1982); Ross v. Moffitt, 417 U.S. 600, 610 (1974); United States v. Prada-Cordero, 95 F. Supp. 2d at 85. A criminal defendant has a right to counsel on his first appeal as of right. Pension v. Ohio, 488 U.S. 75, 79 (1988). As to this issue, petitioner's § 2255 motion also lacks merit.

### III. CONCLUSION

In view of the above, I recommend that petitioner's motion brought under 28 U.S.C. § 2255 be DENIED without an evidentiary hearing.

CIVIL 04-1880 (SEC)                              10
(CRIMINAL 02-0077 (SEC))

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

In San Juan, Puerto Rico, this 5th day of April, 2005.

S/JUSTO ARENAS
Chief United States Magistrate Judge